**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| KEITH LEFAIVER and<br>MARY LEFAIVER, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| COSMED GROUP, INC. | : | CIVIL ACTION NO. |
| | : | |
| IUVO BIOSCIENCE-ERIE, LLC f/k/a | : | |
| MMC MEDICAL STERILIZATION | : | _____ |
| SERVICES GROUP, INC. f/k/a | : | |
| MEDICAL MANUFACTURING CORP. | : | |
| | : | |
| SPICEY PARTNERS REAL ESTATE | : | |
| HOLDINGS, LLC | : | |
| | : | |
| ERIE STERILIZATION REAL | : | |
| ESTATE, LLC | : | |
| | : | |
| and | : | |
| | : | |
| JOHN DOES NO. 1-10, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA:

In accordance with 28 U.S.C. §§ 1441 and 1446, Defendants iuvo BioScience-Erie, LLC

and Erie Sterilization Real Estate, LLC, by their counsel, hereby give notice of the removal of the

civil action captioned *Lefaiver, et. al., v. Cosmed Group, Inc., et. al.*, No. 2024-12049, from the

Court of Common Pleas of Erie County to the United States District Court for the Western District

of Pennsylvania, based on diversity of citizenship under 28 U.S.C. § 1332(a), and aver in support

thereof as follows:

2900347_3

1.      On August 21, 2024, Plaintiffs Keith Lefaiver and Mary Lefaiver, husband and wife, commenced a civil action by filing a complaint in the Court of Common Pleas of Erie County, No. 2024-12049 (the "Complaint").

2.      Pursuant to 28 U.S.C. § 1446(a), a copy the Complaint is attached hereto as Exhibit "A."

3.      A copy of the Complaint was served on Defendant iuvo BioScience-Erie, LLC on August 21, 2024, and undersigned counsel thereafter agreed to accept service of the Complaint on behalf of Defendant Erie Sterilization Real Estate, LLC.  Upon information and belief, as of the date of this Notice of Removal, the Complaint has not yet been properly served on the other defendants named in the action.

4.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

5.      This is a civil action over which this Court has original jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332(a), because Plaintiffs and the Defendants are citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.      Factual Background**

6.      Plaintiff Keith Lefaiver claims to have suffered physical personal injuries, alleging that he was diagnosed with multiple myeloma on or around May 1, 2015, which he alleges is attributable to exposure to ethylene oxide emitted from a medical device sterilization facility located at 2205 East 33rd Street, Erie, Pennsylvania (the "Erie Facility").  Plaintiff Mary Lefaiver, Keith Lefaiver's wife, does not allege any personal injuries, but rather brings a claim for loss of consortium. *See generally* Ex. A, Complaint.

2900347_3

7.      Plaintiffs assert nine counts of common law, statutory, and constitutional claims against Defendants, and seek *inter alia*, monetary damages, punitive damages, and costs of suit. *See* Ex. A, Complaint ¶¶ 49-122, and pg. 25, Prayer for Relief.

**B.      Amount in Controversy**

8.      "In removal cases, determining the amount in controversy begins with a reading of the complaint filed in state court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004).

9.      While Plaintiffs have not pled a specific alleged value for their claims, when completing the required Civil Cover Sheet for docketing the original Complaint, Plaintiffs stated that the amount in controversy exceeded $50,000.  *See* Ex. A, Complaint, Civil Cover Sheet.

10.      Plaintiffs likely chose the stated value of $50,000 to avoid compulsory arbitration that is mandated by Erie County Local Rule 1301(a), which states "[c]ompulsory arbitration . . . shall apply to all cases at issue where the aggregate amount in controversy shall be Fifty Thousand Dollar ($50,000.00), or less, regardless of the number of parties[.]"

11.      To determine whether the amount in controversy satisfies the minimum $75,000 for federal diversity actions under 28 U.S.C. § 1332(a), "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

12.      Here, Plaintiff Keith Lefaiver has been diagnosed with cancer, which he alleges is a result of exposure to ethylene oxide emitted from the Erie Facility.  *See, e.g.*, Ex. A, Complaint ¶¶ 24-27, 51.  Mr. Lefaiver alleges that as a result of his diagnosis, he has "suffered damages in the form of medical expenses, physical disability, mental and physical pain and suffering, extreme

2900347_3

emotional distress, and other damages as can be proven at a trial of this action."  Ex. A, Complaint, ¶¶ 57, 70, 90, 107, 113.

13.     Plaintiff Mary Lefaiver, brings a claim for loss of consortium as a result of the alleged damages claimed by her husband Keith Lefaiver.  *See id.* ¶¶ 114-117.

14.     A fair and reasonable reading of the rights being litigated in this matter, together with the assertion in the original Civil Cover Sheet that the damages claimed exceed $50,000 (which if taken together for each plaintiff would state a minimum amount in controversy of $100,000), satisfies the $75,000 minimum for traditional federal diversity jurisdiction under 28 U.S.C. § 1332(a).

**C.      Diversity of Citizenship**

15.     For diversity jurisdiction, complete diversity is required between the plaintiffs on one hand, and the defendants on the other hand.  28 U.S.C. § 1332(a)(1).

16.     An individual is a citizen of the state in which they are domiciled.  *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006).

17.     A corporation is a citizen of the state in which it is incorporated, as well as the state in which its principal place of business is located.  28 U.S.C. § 1332(c)(1).  A corporation has only one principal place of business, which is its "nerve center," *i.e.*, "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).  The nerve center is typically "found at a corporation's headquarters."  *Id.* at 81.

18.     A limited liability company is a citizen of the state(s) in which its individual members are citizens.  *See, e.g.*, *Zambelli Fireworks Mfg. Corp. v. Wood*, 592 F.3d 412, 419, 421 (3d Cir. 2010).

2900347_3

19.    The Complaint alleges that Plaintiffs are residents and citizens of the state of Florida.  Ex. A, Complaint, ¶ 4.

20.    Cosmed Group, Inc., is the only corporation that has been named as a Defendant in this action.  Cosmed Group, Inc. is a Delaware corporation that has its principal place of business at its company headquarters in the state of Rhode Island.  *See* Ex. A, Complaint, ¶ 6 (alleging that Cosmed Group, Inc. is a "foreign corporation" with its principal place of business in Rhode Island); *see also* Articles of Conversion dated Sept. 20, 2023, copy attached as Exhibit "B."  Thus, Cosmed Group, Inc. is a citizen of the states of Delaware and Rhode Island.

21.    The citizenship of each of the limited liability companies that have been named as Defendants in this action is as follows:

a.    <u>iuvo BioScience-Erie, LLC</u> – The sole member of iuvo BioScience Erie, LLC is iuvo BioScience Operations, LLC, whose members are Tartan Holdings Rochester, Inc. and Tartan Holdings, LLC, whose sole member is iuvo Acquisition, Inc.  *See* Affidavit of Ben Burton, attached hereto as Exhibit "C," ¶ 10-14.  Tartan Holdings Rochester, Inc. is incorporated in the state of New York and its principal place of business is in New York.  *See id.*, ¶ 12.  iuvo Acquisition, Inc. is incorporated in the state of Delaware and its principal place of business is in New York.  *See id.*, ¶ 14.  Thus, iuvo BioScience-Erie, LLC is a citizen of the states of New York and Delaware.[1]

---

[1] Plaintiffs allege that MMC Medical Sterilization Services Group, Inc. "merged into iuvo Bio[S]cience-Erie, LLC in April 2015."  *See* Ex. A, Complaint, ¶ 22.  This allegation is incorrect.  *See* Affidavit of Ben Burton, Ex. B, ¶¶ 16-20.  On or about May 4, 2015, MMC Medical Sterilization Services Group, Inc. merged with and into Moog, Inc., which is "the interest holder and successor of [MMC Sterilization Services Group, Inc.'s] debts/liabilities."  *See* Agreement and Plan of Merger dated May 4, 2015, copy attached as Exhibit "D."  Plaintiffs did not name MMC as a Defendant, and accordingly, its citizenship is irrelevant to the diversity jurisdiction analysis.  Moreover, even if it were relevant, diversity jurisdiction would still be met.  Upon information and belief, Moog, Inc. is a New York corporation with its principal place of business at its company headquarters in the state of New York.  *See* Moog, Inc. Form 10-K (2023), excerpt attached as Exhibit "E," at pg. 1 (listing address of principal executive offices as East Aurora, New York), and pg. 19 ("Our corporate headquarters is located in East Aurora, New York.").  Thus, Moog, Inc., as the successor by merger to MMC Sterilization Services Group, Inc., is a citizen of the state of New York.

2900347_3

b.      <u>Erie Sterilization Real Estate, LLC</u> – The sole member of Erie Sterilization Real Estate, LLC is iuvo BioScience-Erie, LLC.  *See id.*, ¶ 7.  Thus, Erie Sterilization Real Estate, LLC is a citizen of the states of New York and Delaware.[2]

c.      <u>Spicey Partners Real Estate Holdings, LLC</u> – Upon information and belief, the sole member of Spicey Partners Real Estate Holdings, LLC is Cosmed Group, Inc., which as noted above is a citizen of the states of Delaware and Rhode Island.  *See supra* ¶ 20; *see also* Articles of Conversion and Certificate of Formation – Limited Liability Company, dated September 26, 2023, attached as Exhibit "F," Cert. of Formation at pg. 1 (listing Cosmed Group, Inc. as sole member).  Thus, Spicey Partners Real Estate Holdings, LLC is a citizen of the states of Delaware and Rhode Island.

22.    Based on the foregoing, there is complete diversity between the parties, because Plaintiffs are citizens of Florida, and the citizenship of all named Defendants is in states other than Florida, namely Delaware, Rhode Island, and New York.

**D.    <u>Consent and Service</u>**

23.    In submitting this Notice of Removal, Defendants iuvo Bioscience-Erie, LLC and Erie Sterilization Real Estate, LLC have received the consent of the remaining named Defendants, Cosmed Group, Inc. and Spicey Partners Real Estate Holdings, LLC.  *See* Cosmed Group, Inc.'s Consent to Removal, attached as Exhibit "G," and Spicey Partners Real Estate Holdings, LLC's Consent to Removal, attached as Exhibit "H."

---

[2] Plaintiffs allege that Erie Sterilization Real Estate, LLC has its principal place of business in the Commonwealth of Pennsylvania.  Ex. A, Complaint ¶ 17.  But as noted above, principal place of business is irrelevant for determining the diversity jurisdiction of a limited liability company under § 1332(a). The allegation is also incorrect: Erie Sterilization Real Estate, LLC's principal place of business is at its company headquarters in New York.  Ex. B, ¶ 6.

2900347_3

24.     Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal is being served on Plaintiffs through their counsel, and is also being filed with the Protonotary of the Erie County Court of Common Pleas.

WHEREFORE, Defendants iuvo BioScience-Erie, LLC and Erie Sterilization Real Estate, LLC remove this case from the Court of Common Pleas of Erie County to this Court.

Respectfully submitted,

*/s/ Diana A. Silva*
Diana A. Silva, Esquire (PA I.D. No. 311083)
Manko, Gold, Katcher & Fox, LLP
Three Bala Plaza East, Suite 700
Bala Cynwyd, PA  19004
Telephone:  484-430-2347; Fax:  484-430-5711
dsilva@mankogold.com

*Counsel for Defendants*
*iuvo BioScience-Erie, LLC and*
Date: September 20, 2024            *Erie Sterilization Real Estate, LLC*

7                                                                2900347_3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed on the date set forth below with the Clerk of Court using the ECF system, and also served via email on the following counsel of record:

Thomas E. Bosworth
BOSWORTH LAW
123 So. Broad Street, Suite 1100
Philadelphia, PA 19109
tom@tomsbosworthlaw.com

Eric J. Hertz
Lillian Leibu
ERIC J. HERTZ, P.C.
8300 Dunwoody Place, Suite 210
Atlanta, GA 30350
hertz@hertz-law.com
lilly@hertz-law.com

Sharon J. Zinns
ZINNS LAW, LLC
4243 Dunwoody Club Drive, Suite 104
Atlanta, GA 30350
sharon@zinnslaw.com

/s/ Diana A. Silva
Diana A. Silva, Esquire (PA I.D. No. 311083)
Manko, Gold, Katcher & Fox, LLP
Three Bala Plaza East, Suite 700
Bala Cynwyd, PA  19004
Telephone:  484-430-2347; Fax:  484-430-5711
dsilva@mankogold.com

*Counsel for Defendants*
*iuvo BioScience-Erie, LLC and*
Date: September 20, 2024                    *Erie Sterilization Real Estate, LLC*

8                                                        2900347_3